# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **ENTERTAINMENT CRUISE PRODUCTIONS PARTNERS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **NAVIGARE CRUISE PARTNERS, LLC,** <br><br> Serve at: <br>     CT Corporation System <br>     1200 South Pine Island Rd. <br>     Plantation, FL 33324 <br><br> and <br><br> **HIGH SEAS RALLY 20, LLC,** <br><br> Serve at: <br>     CT Corporation System <br>     1200 South Pine Island Rd. <br>     Plantation, FL 33324 <br><br> Defendants. | Case No. 4:22-cv-310 <br><br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE ADVERTISING, TRADEMARK DILUTION, and UNFAIR COMPETITION**

COMES NOW Plaintiff Entertainment Cruise Productions Partners, LLC ("ECPP" or "Plaintiff"), by and through its undersigned counsel, and states for its Complaint against Defendants Navigare Cruise Partners, LLC ("NCP") and High Seas Rally 20, LLC ("Rally") (collectively, "Defendants") the facts set forth below. Plaintiff demands a jury trial on all causes of action against Defendants.

## SUMMARY OF THE ACTION

1. Plaintiff is the owner of three trademarks at issue in this litigation. The first, "The World Leader in Live Entertainment at Sea," is a federally registered mark, Registration No. 5000455 (referred to as the "Registered Mark"). The other two trademarks are a logo (referred to as the "ECP Logo" and visually appearing as ) and the related phrase "Entertainment Cruise Productions." Collectively, these are the "Three Marks."

2. Plaintiff uses the Three Marks to promote, advertise and sell its unique cruises that transport customers to many destinations around the world. For example, Plaintiff has successfully used the Three Marks for many years to promote cruises themed around jazz music.

3. Defendants collectively promote and operate a cruise known as the "High Seas Rally." Defendants have used, and continue to use, the Three Marks to promote the "High Seas Rally" without a license and without Plaintiff's permission.

4. Defendants' use of the Three Marks has caused, or is likely to cause, confusion amongst Plaintiff's customers such that it appears that Plaintiff endorses and/or operates the "High Seas Rally."

5. Defendants' infringement upon the Three Marks has caused Plaintiff to suffer damage.

## THE PARTIES AND THE MARKS

6. Plaintiff is a Missouri entity.

7. Plaintiff is the sole owner of the Three Marks.

8. With respect to the Registered Mark, Registration of that mark on the Principal Register with the United States Patent and Trademark Office constitutes prima facie evidence of the phrase's trademark validity and is conclusive evidence of Plaintiff's rights to the Mark in

commerce.

9. Plaintiff has used the Marks continuously and publicly to promote and sell its themed cruises. Plaintiff has invested large sums of money in promoting its business with the Three Marks through customer outreach campaigns that have spanned many years.

10. Defendant NCP is a foreign entity; it is a cruise promoter with its principal place of business in Bethesda, Maryland. Upon information and belief, Defendant does business in multiple states. With respect to the "High Seas Rally," Defendant operates out of St. Louis, Missouri as set forth below.

11. Defendant High Seas Rally 20, LLC is a foreign entity; it is a themed cruise with its principal place of business in Bethesda, Maryland. Upon information and belief, Defendant does business in multiple states. With respect to the "High Seas Rally," Defendant operates out of St. Louis, Missouri as set forth below.

12. Upon information and belief, Defendant NCP is the sole member of Defendant High Seas Rally 20, LLC.

13. Defendants are co-agents such that each has authority to act on behalf of the other to promote and operate the "High Seas Rally" cruise at issue in this litigation.

14. Defendants, at all times relevant to this action, acted jointly and in concert with each other.

15. Defendants jointly operate the website www.highseasrally.com and list an address on that website in St. Louis County, Missouri as Defendants' place of business.

16. On this website, Defendants claim to be "Entertainment Cruise Productions," they utilize Plaintiff's trademark logo, and they use Plaintiff's trademark phrase, "The world leader in live entertainment by sea" to promote the "High Seas Rally" cruise.

17. The St. Louis County address belongs to non-party ECP Administration, LLC ("ECPA").

18. Defendant NCP is a member of ECPA.

19. ECPA is a Missouri LLC with its sole office in St. Louis County, Missouri.

20. ECPA is the entity responsible for actually putting Defendants' customers on ships for the "High Seas Rally" cruises. Specifically, ECPA employs customer service agents and support staff in St. Louis County, Missouri that field customer inquiries into the cruises offered, marketed and promoted by Plaintiff and Defendants. ECPA then matches these customers with available slots on a specific "High Seas Rally" cruise and processes payments from customers that are then sent to Defendants.

21. As such, Defendants have actively used and directed ECPA in this District to place customers on the "High Seas Rally" cruises.

22. Defendants compete with Plaintiff for cruise passengers in Plaintiff's primary markets, including the St. Louis metropolitan area.

## JURISDICTION AND VENUE

23. The Court has original subject matter jurisdiction over this controversy pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338, and 1367 because Plaintiff's claims arise under the Lanham Act, specifically 15 U.S.C. Sections 1114(1) and 1125. The Court has pendent jurisdiction over Plaintiff's state law claims, as those claims arise out of the same facts and circumstances as the Lanham Act claims. As such, the state law claims are joined with and substantially related to Plaintiff's Lanham Act claims.

24. Defendants are both subject to personal jurisdiction in Missouri because Defendants committed the tortious and illegal acts referenced herein in Missouri and within this

District, and because Plaintiff suffered harm from Defendants' tortious and illegal acts in Missouri.

25. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this District. Defendants engaged in trademark infringement and other Lanham Act violations in this District.

### FACTS COMMON TO ALL COUNTS AND CAUSES OF ACTION

26. Plaintiff, at all times relevant, has been the owner of trademark rights regarding the Three Marks. Plaintiff does not approve, and has never approved, of Defendants using the Three Marks to promote its "High Seas Rally" cruises.

27. Plaintiff has used the Three Marks in commerce continuously for more than five years.

28. Plaintiff, at all times relevant, has supported the Three Marks with extensive multi-media advertising in its various markets including Missouri and many other states.

29. Plaintiff, utilizing the Three Marks, has built up substantial goodwill among consumers in its various markets.

30. Plaintiff has requested in writing that Defendants remove the Three Marks from their marketing materials for the "High Seas Rally" cruises.

31. At present, the Three Marks appear on Defendants' website and, upon information and belief, on other advertising materials in manners substantially similar to the example pictured below:



32. Defendants use the Three Marks for the purpose of attracting consumers and misleading those consumers into thinking that Defendants are associated with Plaintiff, or that Defendants can provide services similar to those Plaintiff provides for its own customers.

33. Plaintiff has been damaged by Defendants' use of the Three Marks such that:

   a. Plaintiff has lost customers, revenue, profit and goodwill to Defendants;

   b. Plaintiff's Three Marks and Plaintiff's branding have been tarnished and diluted by Defendants' use of the Three Marks to promote the "High Seas Rally" cruise;

   c. Plaintiff has continued to make substantial expenditures promoting the

       Three Marks and Plaintiff has not gotten the benefit of those expenditures;

d. Plaintiff has been forced to spend significant sums of money in an effort to reclaim its Three Marks from Defendants; and

e. Plaintiff has not received the benefit of substantial expenditures it made to acquire the Three Marks.

### Count I - Unfair Competition - Missouri

34. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

35. "Entertainment Cruise Productions" is Plaintiff's trademark.

36. In the alternative, "Entertainment Cruise Productions" is Plaintiff's trade name.

37. "Entertainment Cruise Productions" has acquired a secondary meaning such that it refers specifically to Plaintiff.

38. Defendants unfairly used "Entertainment Cruise Productions" to cause the ordinary cruise customer to believe that he or she was purchasing the "High Seas Rally" cruise from Plaintiff.

39. Defendants unfairly used the Three Marks together to cause the ordinary customer to believe that he or she was purchasing the "High Seas Rally" cruise from Plaintiff.

40. Defendants used the Three Marks to piggyback off of the substantial goodwill and excellent reputation for quality that Plaintiff had developed over many years in the cruise industry.

41. As such, Defendants' "High Seas Rally" cruise customers were either actually confused, or in the alternative were very likely to be confused, as to whether Plaintiff was selling the "High Seas Rally" cruise.

42. Defendants' unauthorized use of the Three Marks is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Defendants' "High Seas Rally" cruises.

43. Consumers of themed cruises or at least a significant portion thereof are likely to believe that Defendants' web sites are licensed by, sponsored by, connected with, authorized by, or related to Plaintiff.

44. Plaintiff has been damaged by Defendants' infringement of the Three Marks, and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

### Count II - Trademark Dilution - Missouri Anti-Dilution Act

45. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

46. By using the Three Marks as the operative part of its marketing materials, Defendants have diluted the distinctive value of Plaintiff's distinctive Marks in violation of the Missouri Anti-Dilution Act, Mo.Rev.Stat. § 417.061.

47. Plaintiff has been damaged by Defendants' infringement of the Three Marks, and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

### Count III - Unfair Competition - Section 43(a) of the Lanham Act

48. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

49. Defendants use the Three Marks in interstate commerce to compete with Plaintiff for cruise customers from Missouri and other states.

50. Specifically, Defendants use the Three Marks to divert cruise customers from Plaintiff to Defendant. In the alternative, Defendants use the Three Marks to cause cruise

customers to believe that they are purchasing the "High Seas Rally" cruise from Plaintiff.

51. Defendants' use of the Three Marks is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or cause confusion, mistake or deception by suggesting sponsorship or approval of Defendants' services by Plaintiff.

52. Defendants' use of the Three Marks constitutes commercial advertisement or promotion that misrepresents the nature, characteristics, and/or qualities of Defendants' services and commercial activities by associating them with Plaintiff.

53. Plaintiff has been damaged by Defendants' use of the Three Marks.

**Count IV - Trademark Dilution - Section 43(c) of the Lanham Act**

54. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

55. The Three Marks are famous amongst cruise passengers; Plaintiff has used the Three Marks publicly for many years to put tens of thousands of customers on its unique themed cruises.

56. By using the Registered Mark without Plaintiff's permission to promote the "High Seas Rally" cruises, Defendants have lessened the capacity of cruise customers to discern whether they were purchasing a particular cruise from Plaintiff, and Defendants diluted the distinctive value of Plaintiff's Registered Mark.

57. Plaintiff has been damaged by Defendants' dilution of the Registered Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

**Count V - Trademark Infringement and Counterfeiting - Section 32 of the Lanham Act**

58. Plaintiff restates and incorporates by reference the preceding allegations of its

Complaint.

59.     In marketing and advertising the "High Seas Rally" cruise, Defendant uses reproductions and/or copies of the Registered Mark to offer services that are similar to those offered by Plaintiff in that they are cruises, but which are otherwise substantially different.

60.     Defendants' use of the Registered Mark to offer their counterfeit "High Seas Rally" cruises is likely to confuse and deceive customers into thinking that they were purchasing a cruise from Plaintiff when in reality they were purchasing another cruise from Defendants.

61.     Additionally, Defendants, in using the Registered Mark to offer their counterfeit "High Seas Rally" cruises, caused confusion, mistake, or deception as to the source or sponsorship of Defendants' cruises.  Defendants caused the consuming public to believe that Defendants' "High Seas Rally" cruises have been approved by Plaintiff or that Defendants are legitimately connected with Plaintiff or authorized by Plaintiff to use the Mark and sell their cruises.

62.     Defendants' unauthorized use of the Registered Mark is also likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the cruises in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Consumers of cruises or at least a significant portion thereof are likely to believe that Defendants' cruises are licensed by, sponsored by, connected with, authorized by, or related to Plaintiff.

63.     Plaintiff has been damaged by Defendants' infringement of the Registered Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

## **Prayer for Relief**

Plaintiff respectfully requests that the Court enter judgment in its favor on all Counts,

and that the Court specifically find that Defendants engaged in trademark infringement, unfair competition, and trademark dilution in violation of the Lanham Act and that Defendants engaged in trademark infringement, unfair competition, and dilution in violation of Missouri law. Plaintiff respectfully requests the Court enter judgment that Defendants acted willfully with respect to all violations of state and federal law.

Plaintiff respectfully requests that the Court permanently enjoin Defendants from using the Three Marks or a name confusingly similar to the Three Marks, using the Offending Domains for any purpose, and from infringing on Plaintiff's rights in the Mark.

Plaintiff respectfully requests that the Court require Defendants to provide an accounting to Plaintiff of all monies gained by them from the use of the Mark and all profits earned by them since the start of their use of the Mark.

Plaintiff respectfully requests that the Court award it actual damages in an amount to be determined at trial, that the Court award Plaintiff three times the amount of its actual damages, Defendants' profits over the period Defendants have used the Offending Domains, the costs of this action, attorneys' fees, and such other amounts as the Court deems just pursuant to 15 U.S.C. Section 1117(a).

Plaintiff respectfully requests that the Court award it three times the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, together with a reasonable attorneys' fee and prejudgment interest pursuant to 15 U.S.C. Section 1117(b).

Plaintiff respectfully requests that the Court award it statutory damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of good or service sold or offered for sale, or if the Court finds Defendants' use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold or offered for sale pursuant to

15 U.S.C. Section 1117(c).

Plaintiff respectfully requests all such other and further relief that the Court deems proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By:	/s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
7321 S. Lindbergh Blvd., Suite 101
St. Louis, MO 63125
Phone: 314.380.3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*

**HELLER & ASSOCIATES**

By:	/s/ Annette P. Heller
Annette P. Heller, #26748 MO
400 Chesterfield Center, Ste. 400
Chesterfield, MO 63017
Phone: 314.469.2610
Email: TMAttorneyHeller@aol.com

*Co-Counsel for Plaintiff*